IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANCISCO-ROJAS GONZALEZ,　　　　　　　　　　　Civil No. 05-6081-AA
　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　　Plaintiff,

　　vs.

NORTHWEST TRUSTEE SERVICES, INC.,
KATHY TAGGART,

　　　　　Defendants.

Francisco-Rojas Gonzalez
3200 Oak Terrace Drive, Space 128
Lebanon, Oregon 97355
　　Plaintiff Pro Se

Janaya Casavant
Routh Crabtree Olsen, P.S.
3535 Factoria Blvd., S.E., Suite 200
Bellevue, WA 98006
　　Attorney for defendant

AIKEN, Judge:

　　Defendants filed a motion for summary judgment. The motion is granted and this case is dismissed.

Page 1 - OPINION AND ORDER

## BACKGROUND

Plaintiff, pro se, filed this complaint on March 25, 2005, pursuant to the Fair Debt Collection Practices Act (FDCP Act), 15 U.S.C. sections 1692 et seq., against defendants Northwest Trustee Services and its employee, Kathy Taggart. Plaintiff alleges that defendants, in violation of the FDCP Act, pursued collection activities against the plaintiff in pursuit of the foreclosure sale of his home. Defendants activities included mailing notices to his home and telephoning him at his place of employment.

Defendants filed their summary judgment motion on May 6, 2005, requesting that the court dismiss this case and award sanctions to defendants pursuant to Fed. R. Civ. P. 11. On June 20, 2005, the court sent plaintiff a "Notice of Summary Judgment" in compliance with the Ninth Circuit Court of Appeals guidelines for pro se litigants. The court gave plaintiff an additional month, until July 20, 2005, to file any response in opposition to the summary judgment motion. No opposition or response was received by the court, therefore, the court will assume that defendants' summary judgment motion is unopposed by plaintiff.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc._, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Defendants first assert that the FDCP Act does not apply to defendants, a trustee foreclosing a deed of trust and an employee

of a trustee foreclosing a deed of trust.  I agree.  Trustee companies are not debt collectors for the purposes of the Act. The Act regulates "debt collectors," there is no allegation or evidence that defendants here were engaged in "collecting a debt."  See 15 U.S.C. section 1692 (defining debt, and debt collector).

Further, the complaint at bar, even construing it liberally, does not allege a violation by defendants in enforcing an obligation to pay money.  This court has previously held that foreclosing a trust deed is enforcing a security interest in property, and therefore is not an activity of a debt collector.

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor.  But, foreclosing on a trust deed is an entirely different path.  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property.

Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  The court specifically held that the FDCP Act does not apply to trustees, and an FDCP Act claim cannot be based on actions taken pursuant to Oregon's nonjudicial foreclosure statutes.  Id. at 1210-11.

The record here supports that defendants foreclosed on the real property at issue and did not attempt to collect a debt from plaintiff personally.  I find no evidence that defendants acted other than in their capacity as trustee for the deed of trust,

and therefore defendants are not subject to the FDCP Act. Because the court finds no disputed issues of fact and can rule as a mater of law that defendants are not subject to the FDCP Act, defendants remaining arguments for dismissal will not be addressed.

## CONCLUSION

Defendants' motion for summary judgment (doc. 5) is granted and this case is dismissed. Defendants' request for sanctions pursuant to Fed. R. Civ. P. 11 is denied.

IT IS SO ORDERED.

Dated this  20  day of September 2005.

                                                    /s/ Ann Aiken
                                                      Ann Aiken
                                        United States District Judge